SHROPSHIRE
vs.
SHROPSHIRE.

---

## Shropshire vs. Shropshire.

### ERROR TO BOURBON CIRCUIT.

CHANCERY.

Case 17.

1. A plea to writ of error prosecuted to a decree of the circuit court, avering in substance that the decree sought to be reversed was rendered by consent, is invalid.

2. It is not admissible to plead to a writ of error or appeal, in this court, the existence of matter out side of the record existing *in pais*, to sustain a decree which the record shows to be erroneous.

3. If, by the violation of any existing agreement of the parties *in pais*, one party has been injured by an erroneous decree, redress must be sought in a court of original jurisdiction.

Chief Justice HISE delivered the opinion of the court.

December 27.

Case stated.

The defendant in error in this case has filed a plea, avering in substance that the decree, the reversal of which is asked in this court, was rendered by the circuit judge according to and in pursuance of an agreement between the parties, entered into before it was so rendered, and when the defendant in error had not prepared his case in the lower court, and that, therefore, the plaintiff ought not to be permitted to have the decree reversed for apparent errors therein, caused by such consent and agreement. To this plea the plaintiff in error has demurred.

Held by this court that the plea is insufficient, and the demurrer must be sustained, because in no case can this court assume *original* jurisdiction to enforce agreements in writing, or in parol, between the parties to the record even in relation to matters involved in the suit pending in the lower court, and made before the termination of the suit. The plea does not aver that the record is false, or that it does not truly

1. A plea to writ of error prosecuted to a decree of the circuit court, avering in substance that the decree sought to be reversed was rendered by consent, is invalid.

SHROPSHIRE
*vs.*
SHROPSHIRE.

set forth the proceedings entire of the circuit court, and this plea of the defendant in error does not warrant this court to dissolve or to condem as false this whole record, indeed this is contrary to the wish of defendants in error. Neither can it be said that the purpose of the plea is to uphold or to sustain the record as it stands, for such is the purpose of the plaintiff in error; and to sustain the present record, if the present record is *sustained*, as true and genuine, and as containing a correct and faithful transcript of all the actual proceedings had, and of the orders and decrees rendered in the lower court, then each party would be authorized to demand, in this court, possessing appellate jurisdiction only, that the errors to their prejudice be corrected, as they appear in this record, which the plea admits to be true and complete, and as presenting all the pleadings, exhibits, proofs, and orders that were filed and entered. To sustain the record as it is this court must settle the question presented by what it contains, and not by any agreements between the parties; the existence, terms, and construction of which are not contained within it, but which must be ascertained by parol proof outside of it, which practice would be fraught with many mischevious consequences and cannot be allowed.

The object is to make available a matter *in pais*, which, if presented in the pleadings in the court of original jurisdiction, might have authorized the decree rendered, as correct and appropriate, and which matter could have been made part of the record had the parties thought proper to do so, to procure from this court an affirmance of an erroneous decree, or otherwise to have the writ of error dismissed. Which cannot be allowed.

If the plaintiff in error has acted in bad faith, and in violation of a previous agreement that the present decree should be rendered by the circuit judge by prosecuting this writ of error to reverse that decree. The defendant in error must seek redress for the wrong in the court of original jurisdiction by an appropriate

2. It is not admissible to plead to a writ of error or appeal, in this court, the existence of matter outside of the record existing *in pais*, to sustain a decree which the record shows to be erroneous.

3. If, by the violation of any existing agreement of the parties *in pais*, one party has been injured by

proceeding to enforce the agreement or to recover damages for its violation. If the parties made such an agreement, as avered in the plea, they failed to present it in the record, either by amended pleadings or by filing a written statement thereof, or having the agreement noticed in the decree itself by a declaration contained in it that it was rendered by the agreement and consent of the parties; and because these were omitted by mistake it cannot, upon that ground, be expected that this court will make an interpolation in the record of matters to show that the decree, though erroneous as it stands upon a correct transcript, would be correct if thus interpolated.

The demurrer is therefore sustained.

DAVIS for plaintiff; ROBINSON and JOHNSON for defendant.